UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGIO PRINCE,

    Plaintiff,

v.

HATATU ELUM, and BETH
GARDON HOWELL,

    Defendants.
                                 /

Case No. 12-15526
HON. TERRENCE G. BERG
HON. CHARLES E. BINDER

## ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 15)

    Plaintiff Sergio Prince is suing Defendants Hatatu Elum and Beth Gardon Howell for alleged violations of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.  Plaintiff's complaint also includes claims of civil conspiracy and First Amendment retaliation.

    This matter is now before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation of May 7, 2013 (Dkt. 15), recommending that Defendants' Motion for Summary Judgment (Dkt. 9) be GRANTED.

    The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d).  Plaintiff filed a timely objection to the Report and Recommendation (Dkt. 16); Defendants did not file any objections, nor did they respond to Plaintiff's objection.

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Binder's Report and Recommendation and Plaintiff's objection thereto. For the reasons set forth below, Plaintiff's objection is OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## I. ANALYSIS

Plaintiff Prince's objection is fundamentally a challenge to Magistrate Judge Binder's ultimate conclusion that qualified immunity shields Defendants from liability.

As Magistrate Judge Binder correctly stated, when a defendant moves for summary judgment on the basis of qualified immunity—as Defendants did here—the Court must undertake a three-part analysis: (1) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (2) "whether the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (3) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the

2

clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)); see also *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (*en banc*) (noting "objective legal reasonableness" to be a distinct, third prong of the qualified immunity analysis). Further, the Court is allowed to take up these considerations in any order. *See Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

Having considered the facts as alleged by Plaintiff, the Court finds that Defendant's conduct does not violate Plaintiff's clearly established constitutional rights. Although Plaintiff is correct that the freedom from retaliation for the exercise of one's First Amendment rights is a right that is clearly established under the Sixth Circuit's precedents, *see Thaddeus-X v. Blatter*, 175 F.3d 378, 394-95 (6th Cir. 1999) (en banc), in order to set forth such a retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally-protected conduct; (2) that the defendant's adverse action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that there was a causal connection between elements one and two; i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id.*

Here, Plaintiff alleges that he was retaliated against for engaging in conduct protected by the First Amendment; that is, Plaintiff's filing of grievance JCF-2009-2145-14F against Defendant librarian Hatatu Elum. Specifically, Plaintiff alleges that Defendant Elum (1) conspired with Defendant Gardon-Howell to exclude him

3

from the NLS[1] and Library of Michigan Talking Book programs for 78 days, and (2) denied his request for various photocopies. However, Plaintiff admits that in response to Defendants' denial of his access to the Talking Book program materials, he filed another grievance, JCF-2009-12-2935-17 (Dkt. 1, Compl. ¶¶ 59-68). Likewise, in response to Defendant Elum's denial of his photocopy requests, Plaintiff filed a third grievance, JCF-2010-08-2043-14F (*Id.* at ¶¶ 76-116).

In order to establish a First Amendment retaliation claim, Plaintiff must show not only that he was engaged in constitutionally-protected conduct, but also that Defendants—motivated at least in part by Plaintiff's protected conduct—took action that would deter a person of ordinary firmness from continuing to engage in that protected conduct. In this case, even assuming that Defendants were motivated in some part by Plaintiff's protected conduct, it is clear that the actions Defendants allegedly took in excluding Plaintiff from the Talking Book program and denying his photocopy requests did not as a matter of actual fact "deter" Plaintiff "from continuing to engage in [the] conduct" of filing grievances because Plaintiff filed grievances concerning these specific actions. *Thaddeus-X v. Blatter*, 175 F.3d at 394. Applying the standard of "a person of ordinary firmness," the Court concludes that the adverse actions at issue here would not have been likely to deter a person of ordinary firmness from filing a grievance. Because the adverse actions do not rise to the level of retaliation, Plaintiff is unable to show that his clearly

---

[1] A program of the Library of Congress, "NLS" is the National Library Service for the Blind and Physically Handicapped, and it administers a free library program of braille and audio materials circulated to eligible borrowers in the United States by postage-free mail. NAT'L LIBRARY SERV. FOR THE BLIND AND PHYSICALLY HANDICAPPED, http://www.loc.gov/nls/ (last visited Nov. 27, 2013).

4

established rights were violated, and Defendants are therefore entitled to qualified immunity.[2]

Moreover, even if Defendants' conduct was construed as violating Plaintiff's rights, Defendants would still be entitled to qualified immunity because officials "of reasonable competence could disagree on whether the conduct violated the plaintiff's rights." *Caldwell v. Woodford County Chief Jailor*, 968 F.2d 595, 599 (6th Cir. 1992).

## II. CONCLUSION

For the reasons set forth above, Plaintiff's objection is **OVERRULED** and Magistrate Judge Binder's Report and Recommendation of May 7, 2013 (Dkt. 15) is hereby **ACCEPTED** and **ADOPTED**.

Accordingly, Defendants' Motion for Summary Judgment (Dkt. 9) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated:  December 2, 2013                                s/Terrence G. Berg
                                                        TERRENCE G. BERG
                                                        UNITED STATES DISTRICT JUDGE

---

[2] Likewise, as Magistrate Judge Binder noted, because there is (1) no constitutional or other "right to photocopies in whatever amount a prisoner requests." *Courtemanchie v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003); *accord Bell Bey v. Toombs*, No. 93-2405, 1994 WL 105900 at *2 (6th Cir. March 28, 1994), and (2) no constitutional right to keep books on cassette tape or other recreational materials in one's cell, *see Brown v. Prelesnik*, No. 1:12-cv-873, 2013 WL 838289, at *13 (W.D. Mich. Mar. 6, 2013), neither of Defendant's allegedly retaliatory actions were independent violations of Plaintiff's constitutional rights.

## Certificate of Service

     I hereby certify that this Order was electronically submitted on December 2, 2013, using the CM/ECF system; a copy of this Order was also mailed to the G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201, and directed to Plaintiff's attention.

                                              s/A. Chubb
                                              Case Manager